IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-204-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| DONALD HIGGINS, ) | |
| ) | |
| Defendant. ) | |

On December 9, 2020, Donald Higgins ("Higgins" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 43]. On August 9, 2022, Higgins, through counsel, filed a memorandum in support [D.E. 49]. On September 22, 2022, the government responded in opposition [D.E. 56]. As explained below, the court denies Higgins's motion.

I.

On October 28, 2013, Higgins pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). See [D.E. 27, 28]. On February 19, 2014, the court held Higgins's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 33]; [D.E. 36, 37]. The court calculated Higgins's total offense level to be 30, his criminal history category to be I, and his advisory guideline range to be 180 months' imprisonment. See [D.E. 38] 1. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Higgins to 180 months' imprisonment. See [D.E. 36, 37]. Higgins did not appeal.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s timing requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a

2

defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. U.S.S.G. § 1B1.13, cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13, cmt. n.2.

Higgins applied to his warden for compassionate release. The warden denied Higgins's requests. See [D.E. 43] 2–3; [D.E. 49] 1. Accordingly, the court considers Higgins's motion on the

3

merits. Cf. Muhammad, 16 F.4th at 130.

In support of his motion for compassionate release, Higgins cites the COVID-19 pandemic, his health conditions, his age, his rehabilitation, and his release plan. See [D.E. 43] 1–3; [D.E. 49] 1–7. As for his medical conditions, Higgins argues that his multiple serious chronic health issues including chronic kidney disease, diabetes, hypertension, hyperlipidemia, gout, anemia, heart murmur, age-related health deterioration, history of smoking, COPD, obesity, and BPH for enlarged prostate place him at elevated risk of serious infection from COVID-19. See [D.E. 49] 3–4; [D.E. 50]. Higgins, however, has received a COVID-19 vaccine. See [D.E. 58]. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and

4

compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished).

Under the "medical condition of the defendant" policy statement, a defendant may qualify for compassionate release if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Higgins does not argue that the BOP is not treating and monitoring his conditions or that he is unable to provide self-care while incarcerated. Cf. [D.E. 50] (medical records). Moreover, the wide availability of COVID-19 vaccines for others means that Higgins "largely faces the same risk from COVID-19 as those who are not incarcerated." Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021); Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Accordingly, granting compassionate release because of Higgins's health conditions and the general risk of COVID-19 in prison does not comport with the "medical condition of the defendant" policy statement. See 18 U.S.C. § 3582(c)(1)(A).

Under the "age of the defendant" policy statement, a defendant may qualify for compassionate release if the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. n.1(B). Higgins is 73 years old, and the court assumes without deciding that some of Higgins

5

medical conditions qualify as serious deterioration due to the aging process. See PSR; [D.E. 49] 3–4; [D.E. 50]. Higgins, however, has not served at least 10 years or 75 percent of his sentence. See [D.E. 36, 37]. Accordingly, granting compassionate release because of Higgins's age and deteriorating health does not comport with the "age of the defendant" policy statement.

The court assumes without deciding that COVID-19 and Higgins's health conditions, age, rehabilitation, and release plan constitute extraordinary and compelling reasons under the "other reasons" policy statement and section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Higgins's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Higgins is 73 years old and is incarcerated for receipt of child pornography. See PSR ¶¶ 1–8. Higgins was responsible for collecting child pornography for more than ten years and amassed more than 60,000 images and an undetermined number of videos. See id. at ¶¶ 5–8. Forensic examination confirmed that many images and video files depicted prepubescent minors and portrayed sadistic content. See id. at ¶ 8. Moreover, before amassing his extraordinary collection of child pornography Higgins was convicted in 1988 of using a child less than 16 years of age in a sexual performance and promoting obscene sexual performance by a child less than 16 years of age. See id. at ¶ 13.

Higgins has taken some positive steps while federally incarcerated. See [D.E. 49] 6. For example, Higgins has completed multiple programs and has no notable disciplinary history. Id.

The court must balance Higgins's rehabilitation efforts with his horrific criminal conduct, serious criminal history, the need to punish him, the need to promote respect for the law, the need

6

to protect society, and the need to deter others. Cf. Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Higgins's potential exposure to COVID-19, his medical conditions, his age, the advisory guidelines, and his release plan. The court recognizes Higgins has a supportive son who he could live with if released. See [D.E. 43] 2. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Higgins's arguments, the government's persuasive response, the need to punish Higgins for his serious criminal behavior, to incapacitate Higgins, to promote respect for the law, to deter others, and to protect society, the court denies Higgins's motion for compassionate release. See, e.g., Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

II.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 43].

SO ORDERED. This 14 day of October, 2022.

JAMES C. DEVER III
United States District Judge

7

Case 5:13-cr-00204-D  Document 62  Filed 10/14/22  Page 7 of 7